**Sarabjit KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70431.

I & NS No. A72–484–344.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2002 *.

Decided May 23, 2002.

---

1.  28 U.S.C. § 2255 (2002).

2.  *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001).

3.  *Id.*

4.  231 F.3d 1188 (9th Cir.2000)(en banc).

5.  *Id.* at 1192.

* This panel unanimously finds this case suitable for decision without oral argument.  Fed R.App. P. 34(a)(2).

595

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Sarabjit Kaur ("Kaur") appeals from the decision of the Board of Immigration Appeals ("BIA") which affirmed the order of the Immigration Judge ("IJ") denying her application for asylum and withholding of deportation based on an adverse credibility determination. Review of credibility findings is under the substantial evidence standard. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). Where the IJ provides specific reasons for questioning a witness's credibility, the Court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible. *Damaize–Job v. INS*, 787 F.2d 1332, 1337–38 (9th Cir.1986).

■ The BIA affirmed the IJ's finding of inconsistencies, both internally and with her written asylum application—regarding the number and timing of her alleged detentions, the treatment she received at the hands of the Indian authorities, and the type of medical treatment she sought upon her release. We find that the record reveals the discrepancies in her testimony to be minor inconsistencies in relation to her otherwise consistent and detailed descriptions of material aspects of her persecution, and that the inconsistencies stem in large part from apparent miscommunications during direct and cross-examination. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asy-

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, *sitting by designation*.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lum applicant's fear for his safety are not an adequate basis for an adverse credibility finding."); *see also Bandari v. INS,* 227 F.3d 1160, 1165–66 (9th Cir.2000) (a minor inconsistency in identifying the location of a person's persecution, in light of otherwise consistent testimony, cannot form the basis of an adverse credibility finding, especially where "asylum hearings frequently generate mistranslations and miscommunications."). Nor do we find that the cumulative effect of these minor inconsistencies casts serious doubt as to whether the persecution ever occurred, as they apparently stem from confusion among the various instances of persecution. *Cf. Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000) (cumulative effect of numerous inconsistencies supports adverse credibility finding where inconsistencies involve "the heart of [petitioner's] asylum claim.").

With respect to the IJ's reliance on omissions in her application, the Ninth Circuit has rejected adverse credibility findings based on an asylum application that is less complete than the testimony at the hearing. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1382–83 (9th Cir.1990). *Cf. Pal,* 204 F.3d at 940 (affirming adverse credibility determination in part because the oral testimony was "inconsistent with, not an amplification of, his application.").

■ Lastly, the IJ's finding with respect to S. Kaur's "inarticulateness" in relating facts relevant to her political opinion is not supported by substantial evidence. Although Kaur did make several general references to "unjust treatment," she also indicated that: (1) she gave talks on the "false encounters" in which Sikhs were being killed by government forces; and (2) a major grievance of the student organization to which she allegedly belonged was the presence of military and police from outside Punjab. Kaur also described in detail the involvement of her brother in the student organization and the circumstances surrounding his disappearance, as well as the names of several other members who were beaten and/or killed by government forces. Taking the events Kaur described as true, we conclude that the evidence compels a finding that she had a well-founded fear of persecution on account of her political opinion.

Accordingly, we GRANT the petition; VACATE the BIA's decision; GRANT Kaur's application for withholding of removal; and REMAND for the exercise of the Attorney General's discretion.